**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
CAZZIE L. WILLIAMS,                      :
                                         :
             Petitioner,                 :
                                         :    Civil Action No. 08-1242 (JAG)
        v.                               :
                                         :    **OPINION**
UNITED STATES OF AMERICA,                :
                                         :
             Respondent.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

     Petitioner Cazzie L. Williams ("Petitioner"), appearing pro se, has filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255"). Petitioner contends that his sentence should be vacated due to ineffective assistance of counsel. Specifically, Petitioner alleges in his motion that his counsel was ineffective for the following four reasons:

> "* Not objecting when Williams entered a plea of 'Guilty' to an [Amended] 'four-count chargeless indictment';"
>
> "* Not objecting when Prosecution failed to present Williams with the relevant Grand Jury indictment (CR No. 02-842) when she cross-examined him about the said bank robberies;"
>
> "* Not objecting at Williams' sentencing hearing after this Court sentenced him to 156 months in prison based upon the New Jersey indictment in which he [never] pled 'Guilty' to;" and

1

> "* Not challenging but conceding to 'Subject-matter Jurisdiction' that was never established by this Court, therefore making Williams' judgment VOID."

(Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ¶ 12(i).)  For the reasons set forth below, Petitioner's motion is denied.

## FACTUAL BACKGROUND

From September 1998 through September 2002, Petitioner robbed a total of 27 banks in New Jersey, Pennsylvania, Ohio, Maryland, and Virginia.  United States v. Williams, 151 F. App'x 160 (3d Cir. 2005).  On November 8, 2002, Petitioner was indicted for four counts of bank robbery in Newark, New Jersey; Sayreville, New Jersey; Bloomfield, New Jersey; and Paramus, New Jersey.  (Docket Entry No. 7, United States v. Williams, Crim. No. 02-842 (D.N.J. Nov. 8, 2002) [hereinafter "Indictment"].)  Subsequently, on January 21, 2003, Petitioner entered into a plea agreement, agreeing to plead guilty to the aforementioned four counts of bank robbery, and agreeing to waive venue and plead guilty to three additional counts of bank robbery in the Middle District of Pennsylvania, the Western District of Pennsylvania, and the Northern District of Ohio.  (Tr. of Plea Proceedings 5:19 - 6:5 [hereinafter "Tr."].)  On April 14, 2003, in his plea hearing before this Court, Petitioner pled guilty to these seven counts of bank robbery.  Petitioner also allocuted to twenty additional bank robberies, which the Government introduced as relevant conduct in connection with sentencing.

## PROCEDURAL HISTORY

Petitioner was sentenced on November 17, 2003 to a term of imprisonment of 156 months, Williams, 151 F. App'x at 162, which was an upward departure from the applicable

guidelines range of 78 to 97 months due to Petitioner's criminal history. Petitioner[1] appealed this judgment on April 14, 2005, arguing that this Court's upward departure violated United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004) because the sentence was based on the judge's findings of fact using a preponderance of the evidence standard, rather than the standard of beyond a reasonable doubt. Williams, 151 F. App'x at 162. The Court of Appeals vacated this Court's judgment and remanded for re-sentencing. Id. at 162. On remand, Petitioner was sentenced to 156 months in prison. (Docket Entry No. 31, United States v. Williams, Crim. No. 02-842 (D.N.J. Mar. 2, 2006) [hereinafter "Amended Judgment"].)

On March 2, 2006, Petitioner appealed for a second time. Petitioner subsequently withdrew this second appeal. (Docket Entry No. 32, United States v. Williams, Crim. No. 02-842 (D.N.J. Mar. 2, 2006) [hereinafter "Notice of Appeal re: Amended Judgment"].) On March 12, 2008, Petitioner filed this § 2255 motion. Respondent, the Government, answered Petitioner's motion and Petitioner filed a reply.

## DISCUSSION

**A. Standard of Review**

In pertinent part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

---

[1] Petitioner proceeded on appeal pro se after his counsel withdrew his representation and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that there were no non-frivolous issues remaining that could be contended on appeal.

set aside or correct the sentence.

28 U.S.C. § 2255(a). "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter. Id.

In § 2255 motions, the court must accept the petitioner's allegations as being true, as long as the record does not contradict such and show that petitioner's allegations are "clearly frivolous." United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Only when the records, files, and motion conclusively demonstrate that the petitioner is not entitled to relief, the court must grant an evidentiary hearing to determine the facts, issue, and law. 28 U.S.C. § 2255 (b); see Day, 969 F.2d at 42.

To establish a claim of ineffective assistance of counsel, a defendant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. In determining whether assistance of counsel has been ineffective, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. If a defendant fails to satisfy one prong of the Strickland test, a court need not consider the other. Id. at 697. Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

**B. Analysis**

Petitioner argues that his sentence should be vacated due to ineffective assistance of counsel for the following four reasons:

> "* Not objecting when Williams entered a plea of 'Guilty' to an [Amended] 'four-count chargeless indictment';"
>
> "* Not objecting when Prosecution failed to present Williams with the relevant Grand Jury indictment (CR. No. 02-842) when she cross-examined him about the said bank robberies;"
>
> "* Not objecting at Williams' sentencing hearing after this Court sentenced him to 156 months in prison based upon the New Jersey indictment in which he [never] pled 'Guilty' to;" and-
>
> "* Not challenging but conceding to 'Subject-matter Jurisdiction' that was never established by this Court, therefore making Williams' judgment VOID."

(Mot. Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ¶ 12(i).)  For the reasons set forth below, Petitioner's motion is denied.  This Court will address each of the grounds on which Petitioner seeks to vacate his sentence.

**I.   Counsel's failure to object to Petitioner's plea of guilty did not amount to ineffective assistance of counsel.**

Petitioner argues that at his plea hearing, "he pled 'Guilty' to a four-count indictment with no charges attached to it . . . And Mr. Patton [did not make] the proper objection to an indictment that was clearly [Amended]."  (Pet'r's Br. in Support of Mot. to be Vacated of Void J. [hereinafter "Br."] 12-13.)  The record simply does not support this claim.

The record demonstrates that there was no amendment of the charges against Petitioner

between the indictment, his plea agreement, and his plea hearing.[2] Furthermore, when Petitioner pled guilty during his plea hearing, he asserted in open court, on the record, his understanding that in pleading guilty, he waived his right to trial.[3]

---

[2] Petitioner was indicted for four counts of bank robbery on November 8, 2002. The four counts charged were:
    1) Bank robbery of First Union Bank in Newark, New Jersey of approximately $1,000;
    2) Bank robbery of Sovereign Bank in Sayreville, New Jersey of approximately $2,650;
    3) Bank robbery of Sovereign Bank in Bloomfield, New Jersey of approximately $16,300; and
    4) Bank robbery of Valley National Bank in Paramus, New Jersey of approximately $6,000.

On January 19, 2003, Petitioner signed the plea agreement in which he agreed to plead guilty to the four counts in the indictment, and agreed to waive venue and plead guilty to charges from three additional jurisdictions (the Middle District of Pennsylvania, the Western District of Pennsylvania, and the Northern District of Ohio). The Government summarized the terms of the indictment and plea agreement for the record during the plea hearing. The Government stated:

> The plea agreement is dated January 21, 2003. And, essentially, the defendant, Cazzie Williams, agrees to plead to Counts 1, 2, 3, and 4 of Indictment Criminal No. 02-842, charging him with robberies of four specifically enumerated banks in New Jersey. In addition, he is going to be pleading today to, as well as these four charges, other robberies in the Middle District of Pennsylvania, the Northern District of Ohio and the Western District of Pennsylvania. A total of seven different robberies will be pled to specifically. And this agreement provides that he will waive venue to committing those robberies and admit to them. And, in addition, twenty other robberies will be allocated to.

(Tr. 5:19-6:7.)

[3] During Petitioner's plea hearing on April 14, 2003, this Court engaged in the following colloquy:
    Q: Mr. Williams, do you understand you have an absolute constitutional right to persist in your plea of not guilty and go to trial on the indictment?
    A: Yes, I do.
    Q: Do you understand that if you were to persist in your plea of not guilty, you would go to trial before this Court and a jury?
    A: Yes.

Petitioner's claim of ineffective assistance of counsel for failing to object to the "[amended] four-count chargeless indictment" fails to satisfy the first prong of the Strickland test, which requires showing that counsel's performance was deficient. Strickland, 466 U.S. at 687. As there was no amended (superseding) indictment, counsel's failure to object does not demonstrate deficient performance. The counts with which Petitioner was charged in the indictment were identical to the charges in the plea agreement and plea hearing. Therefore, there was no basis for counsel to object during the plea hearing.

If a defendant fails to meet the requirements of one prong of the Strickland test, a court need not consider the other. Id. at 697. Therefore, Petitioner's claim of ineffective assistance of counsel due to counsel's failure to object to an "[amended] four-count chargeless indictment" shall be denied.

**II.    Counsel did not render ineffective assistance of counsel to Petitioner when he failed to object when the "Prosecution failed to present Williams with the relevant Grand Jury indictment when she cross-examined him about the said bank robberies."**

Petitioner's second claim of ineffective assistance of counsel is based upon the assertion that "the charge (CR. No. 02-842) was never presented to Williams by the Judge or Prosecutor at his hearing." (Br. 17.) As previously stated, Petitioner was indicted on November 8, 2002. This indictment consisted of four charges involving four New Jersey bank robberies, in violation of 18 U.S.C. § 2113. The indictment was part of the official record in Petitioner's criminal case. Further, the Government and the Court referenced the indictment in the plea agreement as well as

---

Q: Do you understand that the effect of your plea of guilty is a waiver of trial, you give up your right to trial, and that the next event of importance with relation to this case as far as I know will be imposition of sentence?
A: Yes.
(Tr. 30:13-30:25.)

during the plea hearing.  (Tr. 4:23-5:2.)

Here, Petitioner received a copy of the indictment.  Petitioner was never "cross examined" by the Court.  Rather, Petitioner was asked questions about the factual basis for both the charges in the indictment, as well as the other bank robberies.  Counsel's performance was not ineffective when he failed to object during the plea hearing.  In order to be ineffective, counsel's performance would have had to be deficient in some way.  This Court finds no such deficiency.  First, there was no cause or basis to object.  Second, there was no harm to Petitioner.  He was fully apprised of the indictment and charges against him.  Neither prong of <u>Strickland</u> is satisfied.  Therefore, Petitioner's claim of ineffective assistance of counsel based on the Prosecution's alleged failure "to present Williams with the relevant Grand Jury indictment when she cross-examined him about the said bank robberies" shall be denied.

**III.     Petitioner was not denied effective assistance of counsel when counsel did not object "at Williams' sentencing hearing after this Court sentenced him to 156 months in prison based upon the New Jersey indictment in which he [never] pled 'Guilty' to."**

Petitioner's third claim of ineffective assistance of counsel is based upon his assertion that counsel should have objected because "without the New Jersey indictment, this Court lacked the power to punish Williams to the 13-year jail term."  (Br. 19.)  Petitioner's counsel did not err by failing to object to the sentence because, as previously stated, Petitioner pled guilty to the charges set forth by the indictment in Petitioner's criminal case on April 14, 2003.

At Petitioner's plea hearing on April 14, 2003, Petitioner pled guilty to each of the four counts in the indictment.[4]  (Tr. 4:22-5:4; 20:16-24:5.)  This claim is frivolous.  There is no basis

---

[4] The plea agreement between Petitioner and the Government also establishes that Petitioner had full notice of what he was pleading guilty to:

to claim ineffective assistance of counsel.

**IV.    Petitioner cannot establish ineffective assistance of counsel because his counsel conceded to "'Subject-matter Jurisdiction' that was never established by this Court, therefore making Williams' judgment VOID."**

Petitioner asserts that counsel was ineffective when he failed to challenge this Court's subject-matter jurisdiction.  Petitioner argues that "the record proves that SUBJECT-MATTER JURISDICTION was established on a 'four-count chargeless indictment', and not on the New Jersey indictment charging Williams with 'Bank Robbery'.  So therefore Williams' judgment is VOID because this court was without Jurisdiction."  (Br. 15.)

---

> Conditioned on the understandings specified below, these Offices will accept a guilty plea from defendant Cazzie Williams to Counts One, Two, Three, and Four of Indictment Criminal No. 02-842, which charges him with the robberies of: First Union Bank in Newark, New Jersey, on or about September 19, 1998; Sovereign Bank in Sayerville [sic], New Jersey, on or about February 11, 1999; Sovereign Bank in Bloomfield, New Jersey, on or about June 5, 1999; and Valley National Bank in Paramus, New Jersey, on or about November 12, 1999, in violation of 18 U.S.C. §§ 2113 (a) and 2.  If Cazzie Williams enters a guilty plea and is sentenced, the United States Attorneys for the District of New Jersey, the Middle District of Pennsylvania, the Eastern District of Pennsylvania, the Western District of Pennsylvania, the Southern District of Ohio, the Northern District of Ohio, the District of Maryland and the Eastern District of Virginia will not bring any further charges against Cazzie Williams relating to his participation in the robberies set forth in the Indictment or for his participation in the robberies set forth in the stipulations provided that Cazzie Williams waives venue for the charges outside of the District of New Jersey and admits under oath at the time of his guilty plea to committing these robberies in violation of 18 U.S.C. §§ 2113 (a) and 2, and each of these robberies is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2 (c).

Plea Agreement, p. 1.

"When reviewing the sufficiency of the indictment, we look at the entire indictment and determine de novo: (1) whether the indictment contains the elements of the offense intended to be charged and sufficiently appraises the defendant of [the crime] she should be prepared to meet." United States v. Werme, 939 F.2d 108, 112 (3d Cir. 1991).  Petitioner's indictment charges him with four counts of violating 18 U.S.C. § 2113.  In pertinent part, the statute provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (2002).[5]  Banks are defined by 12 U.S.C. § 1813(a)(1) as any national bank, state bank, Federal branch, and insured branch, and any former savings association.

Petitioner's indictment specifically states in each of the four counts that Petitioner "knowingly and willfully, by force and violence, and by intimidation did take from the person and presence of employees" money "belonging to and in the care, custody, control, management

---

[5] Parenthetically, this Court noted the five elements of the offense during the plea hearing, which match the elements listed in the indictment.

> There are five essential elements to the crime as charged sir.  They are, that the defendant took money from the person or presence of another; that the money was taken by means of force and violence, or by intimidation; that the money was in the care, custody, control, management or possession of the financial institution at the time it was taken; that at the time the money was taken the deposits of the financial institution were insured by the Federal Deposit Insurance Corporation; and number five, that the defendant acted knowingly and willfully. (Tr. 19:21-20:6.)

and possession" of each bank. Clearly, the indictment specifies each element of the offenses charged. The court in <u>United States v. Spinner</u> determined that in order to confer subject matter jurisdiction, an indictment must "contain all the elements of a crime." 180 F.3d 514, 515 (3d Cir. 1999). Since the indictment in Petitioner's case did allege all of the requisite elements of the crimes charged, the indictment conferred subject matter jurisdiction on this Court.

Petitioner's claim that this Court lacked subject matter jurisdiction is without merit. Petitioner's claim of ineffective assistance of counsel fails. The motion is denied.

## **CONCLUSION**

This Court finds that the instant motion filed by Petitioner seeking to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, does not present claims that merit vacating, setting aside, or correcting his sentence . The record fails to support Petitioner's claims that his counsel was ineffective. Specifically, the record shows that the indictment was not amended and "chargeless" at the plea hearing; Petitioner was, in fact, presented with the relevant Grand Jury Indictment at the plea hearing; this Court had the authority to sentence Petitioner because he pled guilty to the charges set forth in the indictment; and this Court's subject matter jurisdiction was established by Petitioner's criminal indictment. Accordingly, Petitioner's motion is denied.

DATED: July 21, 2009

                                            S/Joseph A. Greenaway, Jr.
                                            JOSEPH A. GREENAWAY, JR., U.S.D.J.